UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBECCA L. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08:cv-883-SEB-DML |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS**

This cause is before the Court on Defendants' Renewed Motion to Dismiss or, in the alternative, to Transfer Venue [Docket No. 32], filed on August 28, 2009, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3), and 28 U.S.C. § 1406(a) and Plaintiff's Motion for Leave to File Amended Complaint, filed on September 25, 2009. For the reasons detailed in this entry, we GRANT Defendants' Motion to Dismiss for improper venue.

**Factual and Procedural Background**

Plaintiff filed the instant lawsuit after receiving a settlement of previous claims against a third party arising from an automobile accident. At the time of the accident,

Plaintiff was an employee of St. Vincent Health, Inc., located in Indianapolis, Indiana,[1] and was a participant in the Ascension Health Short-Term Disability Plan ("the STD Plan"), effective January 1, 1998, and the Ascension Health Long-Term Disability Plan ("the LTD Plan"), effective July 1, 1997.[2] The STD and LTD Plans are employee welfare benefit plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant Ascension Health is the Plan Sponsor and Plan Administrator of both the STD and the LTD Plans. Defendant Sedgwick is the Claims Administrator for both Plans, meaning it is responsible for handling the benefit determinations. Ascension Health and Sedgwick are both Missouri corporations with principal places of business in St. Louis, Missouri.

Following the accident, Plaintiff received short-term and long-term disability benefits under the STD and LTD Plans for injuries sustained in the accident. Both Plans provide that the sum of disability benefits paid pursuant to the Plans will be reduced by "Other Income Benefits," including the amount of benefits obtained due to "acts of third parties" and the amount of benefits obtained pursuant to the "U.S. Social Security Act." If a Plan participant receives an overpayment of benefits, the participant in required to repay the Plan. After receiving the auto-accident settlement from the third party, Plaintiff's current counsel contacted Sedgwick to negotiate a reduction of the Plans' lien

---

[1] Plaintiff is currently residing in South Bend, Indiana, which is located within the Northern District of Indiana.

[2] These Plans were originally known as the Daughters of Charity National Health System Short Term and Long Term Disability Plans.

interests resulting from the overpayment.  Plaintiff subsequently filed the instant lawsuit, alleging that the Plans improperly offset her benefits by the amount of Social Security disability benefits.

On October 27, 2008, Defendants' filed their original motion to dismiss or, in the alternative, to transfer, alleging that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) because she had failed to sue the STD and LTD Plans, the only proper defendants.  Defendants also argued that the case should be dismissed pursuant to Rule 12(b)(3) or, in the alternative, transferred to the Eastern District of Missouri, pursuant to ERISA's venue provision, 42 U.S.C. § 1132(e)(2), and the forum-selection clause contained in the Plans, which provides in relevant part that, effective January 1, 2006, "any action by any Plan Participant or Beneficiary relating to or arising under the Plan shall be brought and resolved only in the U.S. District Court for the Eastern District of Missouri . . . ."  See Docket Nos. 12-3, 12-10.  The forum-selection clause was added by amendment to the LTD Plan on September 20, 2007, and to the STD Plan on March 18, 2008.

Before the court ruled on that motion, Plaintiff filed a motion to amend her complaint, which was granted.  In her Amended Complaint, Plaintiff added the STD and LTD Plans as defendants, but did not dismiss any of the original defendants.[3]  On August

---

[3] Plaintiff concedes that St. Vincent Health, Inc., and St. Vincent Hospital and Health Care, Inc., should be dismissed as defendants.  Accordingly, we GRANT Defendants' Motion to Dismiss as to the St. Vincent entities.

28, 2009, Defendants renewed their 12(b)(6) and 12(b)(3) motions. In her response to Defendants' renewed motion, Plaintiff moved for leave to file a second amended complaint in which she asserts a new legal theory. In her proposed Second Amended Complaint, Plaintiff alleges a state common law claim for conversion and/or fraud against Ascension and Sedgwick in connection with their recovery from Plaintiff of an overpayment of benefits resulting from her receipt of a retroactive Social Security disability award. Plaintiff claims that Sedgwick and Ascension coerced her into signing over her Social Security check, which she contends violates the anti-assignment clause of the Social Security Act, 42 U.S.C. § 407.

## **Legal Analysis**

Defendants contend that the Southern District of Indiana is not a proper venue under 29 U.S.C. § 1132(e)(2), the venue provision governing actions brought under Title I of ERISA.[4] Ms. Gordon has never addressed this argument in her responsive briefing.

---

[4] Although Ms. Gordon's pending Motion for Leave to File Second Amended Complaint purports to set forth a new legal theory under state common law, that purported claim has no bearing on this analysis because it is plainly without merit and, even if meritorious, would be preempted by ERISA, thereby making any amendment to the complaint futile. Ms. Gordon requests leave to file a second amended complaint in order to allege a state law claim for fraud/conversion against Ascension Health and/or Sedgwick based on their actions in getting her to turn over a retroactive Social Security benefit payment as repayment for an overpayment of benefits which she contends violates the anti-assignment clause of the Social Security Act.

However, as Defendant claims, the Northern District of Illinois recently rejected a similar argument. In Holstrom v. Metropolitan Life Insurance Co., 615 F. Supp. 2d 722 (N.D. Ill. 2009), the plaintiff sued defendant for additional benefits. The defendant counterclaimed, seeking repayment for an overpayment that resulted from the retroactive award of Social Security

(continued...)

An action under ERISA may be brought in the district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Here, the plan is administered in St. Louis, Missouri, in the Eastern District of Missouri. In her Amended Complaint, Ms. Gordon alleges that Defendants made improper benefit offsets under the STD and/or LTD Plan. According to Defendants, because these alleged actions would have occurred in the Eastern District of Missouri, where benefit determinations are made, any alleged breach occurred there as well. Ms. Gordon does not argue otherwise. Ms. Gordon has conceded that the St. Vincent entities, the only defendants either incorporated in or with a principal place of business in the Southern District of Indiana, should be dismissed from this litigation. Accordingly, the

---

[4](...continued)
disability benefits covering the same period and the plaintiff argued that § 407(a) prevented the defendant from reaching Social Security benefits. The Holstrom court rejected that argument, observing that: "The vast majority of courts, both in this district and beyond, have held that when a plan contains a 'lien by agreement' and the 'overpayment' is caused by subsequent social security payments, Section 407 presents no bar to recovery." Id. at 753 (string citation omitted); see also Northcutt v. GM Hourly-Rate Employees Pension Plan, 467 F.3d 1031, 1038 (7th Cir. 2006) (noting that the plaintiff's challenge to the plan's act of offsetting benefits following the retroactive award of Social Security benefits "overlooks . . . another great concern of the ERISA statute: to ensure the integrity of written plans, and to enforce them as written" and "overlooks the important role that reimbursement of overpaid plan benefits plays in the continuing viability of plans for all other beneficiaries, an equally important ERISA goal").

Moreover, even if the claim Ms. Gordon seeks to add had merit, any such claim would be preempted by ERISA. Common law causes of action, including fraud, which are based on an alleged improper processing of a claim for benefits under an employee benefit plan are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987); see also Ramsey v. Formica Corp., 398 F.3d 421, 424-45 (6th Cir. 2005) (holding that claims which stemmed from the actions of defendants in processing benefits, including offsetting benefits following discovery of overpayments, were preempted by ERISA). Ms. Gordon cites no contrary authority to support the assertion that her purported claim for fraud/conversion would not be preempted by ERISA.

5

only remaining named defendants are the STD and LTD Plans, Ascension Health, and Sedgwick, all of which reside in the Eastern District of Missouri.

It is true that, under Seventh Circuit law, a defendant "may be found" in a judicial district if it has the sort of "minimum contacts" with that district that would support the exercise of personal jurisdiction under rule of <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).  <u>Waeltz v. Delta Pilots Retirement Plan</u>, 301 F.3d 804, 810 (7th Cir. 2002).  However, Ms. Gordon has raised no argument that any of the remaining named defendants may be found in the Southern District of Indiana.  Accordingly, she has waived any such argument.  <u>See</u> <u>United States v. Berkowitz</u>, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived. . . .") (citations omitted).  For these reasons, we <u>GRANT</u> Defendants' Renewed Motion to Dismiss for improper venue without prejudice.

IT IS SO ORDERED.

Date:  03/30/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Amy Louise Blaisdell
GREENSFELDER HEMKER & GALE
apb@greensfelder.com

Gordon Bartle Dempsey
gdempseypc@aol.com

Kevin T. McLaughlin
GREENSFELDER HEMKER & GALE, P.C.
ktm@greensfelder.com

N. Kent Smith
HALL RENDER KILLIAN HEATH & LYMAN
ksmith@hallrender.com